### No. 4980.

### CITY OF NEW ORLEANS *v.* ROBERT J. KER.

From the proceedings in this case it appears that the order of the twelfth November, 1873, purporting to confirm and make final the judgment by default for taxes, was inadvertently rendered and was simply nugatory; and, being without force, it could not affect the validity of the judgment finally rendered contradictorily between the parties in December.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *George S. Lacey*, for plaintiff and appellee. *R. J. Ker*, in *propria persona*.

HOWELL, J. This is a suit to enforce the payment of city taxes. These were the proceedings: On the seventh of November, 1873, judg-

ment by default was taken against the defendant. On the tenth the default was set aside on motion of the defendant and he filed his answer. He sets up in defense that he is not bound by law to pay the taxes assessed against him, contending that they are unconstitutional, especially the tax on income, that for the payment of interest on bonds and the.park tax.

Judgment was rendered against the defendant and he has appealed. He argues, by way of exception, that the plaintiff obtained no valid judgment against him in the lower court, and the ground taken in support of this position is, that after the default was set aside and his answer filed on the tenth November, the judgment by default taken against him was confirmed on the twelfth November, and the judgment signed on the eighteenth of the same month; that notwithstanding this final judgment, a second judgment for the same cause of action was rendered against him on the third of December, 1873, and signed December the ninth. The last judgment he contends is a nullity, apparent from the record, and the first is null because a judgment by default can not be confirmed when it is set aside by motion in due time.

We think it clearly appears from the proceedings in the case that the order of the twelfth November, purporting to confirm and make final the judgment by default taken on the seventh, was inadvertently rendered and was simply nugatory; and, being without force, it could not affect the validity of the judgment finally rendered contradictorily between the parties in December.

The other questions in the case are settled in the cases of City v. Estate of Burthe; Same v. Elkin, and Same v. Steamer Rawlins.

And for the reasons therein it is ordered that the judgment of the lower court be amended by allowing interest thereon from thirty-first July, 1873, instead of thirty-first July, 1872, and that as thus amended it be affirmed, costs of appeal to be paid by appellee.